FILED

2016 FEB 10 AM 8: 59

CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GLENN D. ROBINSON, | ) | CASE NO. 5:15 CV 2594 |
| | ) | |
| Petitioner, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| JASON BUNTING, WARDEN, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

Petitioner Glenn D. Robinson filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Petitioner is currently incarcerated in the Marion Correctional Institution, having been convicted in 2003 in the Summit County Court of Common Pleas on two counts of aggravated murder, one count of murder, one count of aggravated robbery, two counts of having weapons while under a disability, one count of carrying concealed weapons, and one count of felonious assault. Each of the counts of aggravated murder, murder, aggravated robbery and having weapons while under a disability also carried a firearm specification. Petitioner challenges his conviction and sentence on the following grounds: (1) he is innocent of the firearm specifications because the jury did not return a guilty verdict on a verdict form for these charges; (2) he had a right to a unanimous verdict presented on verdict forms for the firearm specifications; (3) the jury's failure to return verdict forms on the firearm specifications denied him due process,

subjected him to double jeopardy, and denied him a right to a fair trial; (4) his conviction on the firearm specification on count one is void because the verdict forms contain different dates meaning he was subjected to double jeopardy; (5) the trial court's failure to merge allied offenses in counts one, two, and three subjected him to double jeopardy; (6) the trial court's failure to elect which count of the first three counts survived merger subjected him to double jeopardy; and (7) he was denied the effective assistance of appellate counsel. For the reasons explained below, all of the Petitioner's claims are procedurally defaulted. The Court accordingly will deny the Writ.

## I. BACKGROUND

In April 2003, a jury found Petitioner guilty of aggravated murder, murder, aggravated robbery, having weapons while under disability, and carrying a concealed weapon. He also pleaded guilty to one count of felonious assault. The trial court sentenced him to life imprisonment with parole eligibility after 38 years. On appeal, the Court determined that Petitioner's guilty plea was defective, but affirmed his other convictions and sentences. *See State v. Robinson*, No. 21583, 2004 WL 384211 (Ohio Ct. App. Mar. 3, 2004). On remand, Petitioner re-entered a guilty plea to the felonious assault count. He did not appeal his conviction or sentence for that offense.

Since that time, Petitioner filed a number of post-judgment motions. On July 23, 2010, Petitioner filed a "Motion for Sentencing" arguing to the trial court that his original sentence was void due to an error in the imposition of post release control. The State agreed that Petitioner had to be resentenced. At that point, Petitioner had already served his sentence for felonious assault. On October 20, 2010, the trial court issued its sentencing entry in which it gave Petitioner the same prison sentence with respect to his other convictions and noted that he

was subject to a mandatory five-year term of post-release control upon his release from prison.

Petitioner appealed that decision to the Ohio Ninth District Court of Appeals on January 31, 2011. *See State v. Robinson*, No. 25795, 2011 WL 5867953, at *2 (Ohio Ct. App. Nov. 23, 2011). He asserted three assignments of error:

> 1. The trial court erred when it improperly sentenced Defendant on allied offenses.
>
> 2. The trial court erred by imposing sentences for five firearm specifications when all five arose from the same act or transaction.
>
> 3. The trial court erred when it ruled that there had not been an unreasonable and unexplained delay in sentencing because Crim. R. 32(C) had not been violated.

*Id.* at * 2. The Court of Appeals held that pursuant to the Ohio Supreme Court's decision in *State v. Fischer*, 128 Ohio St.3d 92 (2010), an error in post-release control notification does not result in a void sentence. *Id.* As a result, the trial court did not have authority to conduct a *de novo* sentencing hearing and reissue a sentence, and Petitioner's original sentence remained in place. To the extent the trial court properly imposed a mandatory five-year period of post-release control upon Petitioner at the resentencing hearing, the Court of Appeals affirmed the judgment. To the extent the trial court conducted a *de novo* sentencing hearing and reissued a sentence to Petitioner, the Court of Appeals vacated the judgment. *State v. Robinson*, No. 25795, 2011 WL 5867953, at *3 (Ohio Ct. App. Nov. 23, 2011).

Petitioner filed three additional Motions seeking to vacate/correct his alleged void sentence, and one Motion to Dismiss several counts of the indictment. The trial court construed Petitioner's Motions as Petitions for Post-Conviction relief, and denied them as untimely. *See State v. Robinson*, No. 26802, 2013 WL 6212237, at *1 (Ohio Ct. App. Nov. 27, 2013).

-3-

Petitioner appealed, raising eight assignments of error, which are not relevant to this Petition. The Court of Appeals determined that the grounds for relief which challenged his conviction and sentence could have been raised in his direct appeal and were therefore barred by the doctrine of *res judicata. Id.* at *3. Alternatively, the Court stated that to the extent that the matters Petitioner sought to raise would be appropriate for post-conviction relief, his Petition was untimely. *Id.* Petitioner's Motion for Delayed Appeal to the Ohio Supreme Court was denied on June 11, 2014.

Petitioner filed a Motion to Resentence as to the Gun Specification to Count One of the Indictment in the trial court on May 14, 2015. He argued that the jury had not found him guilty of the specification because it wrote its finding on a "Special Interrogatory" instead of a verdict form. *State v. Robinson*, No. 27480, 2015 WL 3765566, at *1 (Ohio Ct. App. June 17, 2015) The trial court construed his Motion as a successive Petition for Post-Conviction Relief and determined that it did not have authority to consider a successive Petition under Ohio Revised Code Section 2953.23(A). *Id.* It also found that his claims were barred under the doctrine of *res judicata. Id.*

Petitioner appealed that decision to the Ohio Ninth District Court of Appeals, assigning five errors:

> 1. The trial court abused its discretion and erred to the prejudice of Appellant by not resentencing as to the gun specification to Count One of the indictment, as there are no specification verdict forms which find Appellant guilty of any firearm specification.
>
> 2. The trial court abused its discretion and erred to the prejudice of Appellant when it failed to require the jury to unanimously find Appellant guilty of any firearm specifications, on any verdict forms, in violation of Crim.R. 31, R.C. 2945.171, the 5th and 14th

-4-

...

> Amendments to the United States Constitution and *State v. Baker*, 119 Ohio St.3d 197.
>
> 3. The trial court abused its discretion and erred to the prejudice of Appellant when it failed to acquit him of having weapons while under disability charge after the jury returned a verdict of not guilty for the carrying weapons while under disability charge thereby rendering the sentence imposed on the having weapons while under the disability charge void and in violation of the due process clauses of both the United States and Ohio Constitutions.
>
> 4. Appellate counsel's performance was deficient based on *Evitts v. Lucey*, 469 U.S. 387 and ineffective under *Strickland v. Washington* and *Gunner v. Welch*.
>
> 5. The trial court abused its discretion and erred to the prejudice of Appellant when it construed his Motion to Resentence as a Petition for Post Conviction Relief and failed to correct a void judgment that was facially evident on the record.

*State v. Robinson*, No. 27480, 2015 WL 3765566, at *1 (Ohio Ct. App. June 17, 2015). The Ninth District Court of Appeals held that the trial court did not err when it re-characterized Petitioner's Motion for Resentencing as a successive Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21. Because Petitioner's Motion was a successive Petition for Post-Conviction Relief, the Court of Appeals held that the trial court did not have authority to consider the merits of his arguments, and did not have authority to assess whether Petitioner's appellate counsel had been ineffective, as that is an issue that must be raised pursuant to Appellate Rule 26(B). *Id.* at *2.

Petitioner appealed that decision to the Ohio Supreme Court on August 12, 2015. The Supreme Court declined to accept jurisdiction on October 28, 2015.

Undeterred, Petitioner filed a Motion to Vacate or Set Aside Judgment in the trial court on September 29, 2014. In this Motion, Petitioner argued that his sentence violated Ohio

-5-

Revised Code 2941.25 because it sentenced him for offenses that the court determined should have been merged for purposes of sentencing. He argued that the trial court's judgment, therefore, should be vacated and the case remanded for resentencing, which would allow the State to select which offense survives the merger. The trial court once again construed his Motion as a successive Petition for Post-Conviction Relief and denied it as untimely. *State v. Robinson*, No. 27663, 2015 WL 4936413, at *1 (Ohio Ct. App. Aug. 19, 2015).

Petitioner appealed that decision and asserted three assignments of error:

> 1. The trial court abused its discretion and erred to the prejudice of Appellant by denying his Motion to Vacate or Set Aside the Judgment and sentence and for final appealable order, as the sentencing journal entries are void because having determined that Counts One, Two and Three were allied, the trial court, contrary to R.C. 2941.25, imposed a sentence on all three counts instead of merging all three counts and imposing a sentence on one according to *State v. Holmes*, 2014–Ohio–3816, and *Lingo v. State*, (2014), 138 Ohio St.3d 427, P46.
>
> 2. The trial court abused its discretion and erred to the prejudice of Appellant by denying his Motion to Vacate or Set Aside the Judgment and sentence and for final appealable order because the State failed to elect which count survived merger after the trial court determined that Counts One, Two and Three were of the same course of conduct and merged for sentencing, preventing the April 24, 2003[,] and subsequent sentencing journal entries from being final appealable orders according to *Maumee v. Geiger*, 45 Ohio St.2d 238, *State v. Baker*, 119 Ohio St.3d 197 and *State v. Harris*, 122 Ohio St.3d 373.
>
> 3. Appellate counsel's performance was deficient based on *Evitts v. Lucey*, 469 U.S. 387 and ineffective under *Strickland v. Washington*.

*State v. Robinson*, No. 27663, 2015 WL 4936413, at *2 (Ohio Ct. App. Aug. 19, 2015). With respect to his first assignment of error, Petitioner argued that his motion did not have to satisfy

the rules for a Petition for Post-Conviction Relief because the trial court's judgment is void and, therefore, may be challenged at any time. According to him, the court failed to merge the aggravated murder and murder counts despite finding that they are allied offenses. The Court of Appeals held that the failure to merge allied offenses of similar import did not result in a void sentence and the trial court did not have authority to consider the merits of Petitioner's merger arguments because his Motion was a successive Petition for Post-Conviction Relief under Ohio Revised Code § 2953.23(A). The Appellate Court further held that trial court did not have authority to determine whether Petitioner's appellate counsel was ineffective, as that is an issue that must be raised pursuant to Appellate Rule 26(B). *Id.* at *2.

Petitioner appealed that decision to the Ohio Supreme Court on September 10, 2015. The Supreme Court declined jurisdiction on November 10, 2015.

## II. HABEAS PETITION

Petitioner filed the within Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 on December 14, 2015. He asserts seven grounds for relief:

> 1. Petitioner's Fifth, Sixth, and Fourteenth Amendment rights afforded by the United States Constitution were violated as he is factually innocent of the firearm specification convictions because the jury did not return a "guilty verdict" on a jury verdict form as required by procedure and statute. Thus Petitioner's conviction for the firearm specifications and the sentence imposed by the trial court for the firearm specifications is void and must be vacated by law.

> 2. Petitioner asserts that the right [to] a unanimous verdict presented on the verdict form finding him guilty of the firearm specifications was required before the trial court could impose a sentence. Petitioner also asserts that although interrogatories cannot be used in Ohio criminal cases, the Ninth Appellate District Court of Ohio incorrectly refers to the interrogatories

-7-

finding as a specification in violation of Petitioner's right to a fair trial, due process and equal protection pursuant to Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. Petitioner asserts the jury's failure to return verdict forms for all of the firearm specification before being discharged is in violation of the Due Process Clauses of both the Ohio and United States Constitutions, the Double Jeopardy Clause, the Sixth Amendment right to a fair trial, equal protection and is a structural error.

4. Petitioner asserts that the conviction and sentence for the firearm specification attached to Count One is void and in violation of the Double Jeopardy Clause and the Sixth Amendment to the United States Constitution as different dates on the jury verdict forms means that the State of Ohio was given two opportunities to convict Petitioner on charges growing our of a single transaction.

5. Petitioner's Fifth Amendment right against Double jeopardy was violated by his conviction son Counts One, Two and Three. Petitioner respectfully requests this Honorable Court to review this ground for plain error.

6. Petitioner's due process rights were violated as the trial court failed to issue a final appealable order resulting from the state's failure to elect which count survived after the trial court determined that Counts One, Two and Three merged for sentencing.

7. Appellate counsel Jeffrey N. James's performance was deficient based on *Evitts v. Lucey*, 469 U.S. 387 and ineffective under *Strickland v. Washington*, pursuant to Ohio Constitution Afticle I, § 10; Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

(Pet. ECF No. 1-1 at PageID # 16-33).

## IV. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to Habeas Corpus Petitions

filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta.

*Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

## PROCEDURAL BARRIERS TO HABEAS REVIEW

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the

opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner*, 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When

the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).

To determine if a claim is procedurally defaulted the Court must determine whether: (1) there is a state procedural rule that is applicable to the Petitioner's claim and that the Petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

## V. ANALYSIS

All of Petitioner's grounds for relief are procedurally defaulted. He attempted to assert them in two successive Post-Conviction Motions. The Ohio Courts rejected these Motions on procedural grounds, without reaching the merits of the claims, stating that the trial court lacked authority to consider the merits of a successive Petition for Post-Conviction Relief under Ohio Revised Code § 2953.23(A). The Ohio courts further held that they could not reach the merits of Petitioner's ineffective assistance of appellate counsel claims because they could not be considered in a Post-Conviction Petition. Instead, they had to be raised in the Ohio Court of Appeals under Appellate Rule 26(B). These procedural bars applied by the state courts are adequate and independent state grounds upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin*, 785 F.2d at 138.

When a claim that is procedurally defaulted in state court, the federal court is barred from considering the merits of the claims unless unless Petitioner demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. Petitioner claims his default should be excused on the grounds of ineffective assistance of appellate counsel. He asserts his appellate counsel was ineffective for not asserting that his trial counsel was ineffective for not arguing that his convictions should be merged for sentencing under Ohio Revised Code § 2941.25. Petitioner was convicted in 2003. His direct appeals concluded in 2004. He first raised his claim of ineffective assistance of appellate counsel in two successive Petitions for Post-Conviction Relief filed in 2014. His claim for relief in those Petitions was denied because they could only be brought in a Motion to Reopen Direct

Appeal under Ohio App. Rule 26 (B). In certain circumstances, appellate counsel's ineffectiveness in failing present a claim can establish cause. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). To constitute cause, however, that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted. In this case, the Ohio courts have held, twice, that this claim was also procedurally barred from review because Petitioner did not present it in a Rule 26(B) Motion. Petitioner does not present any other grounds that would establish cause for failure to assert these claims on direct appeal, or a timely filed first Petition for Post-Conviction Relief.

In addition, Petitioner does not suggest how the failure to consider his claims will result in a fundamental miscarriage of justice. Petitioner was convicted of two counts of aggravated murder, one count of murder, one count of aggravated robbery, two counts of having weapons while under a disability, one count of carrying concealed weapons, and one count of felonious assault. He bases his claims for habeas relief on a challenge to the firearm specifications arguing they were not listed on a jury verdict form but rather on an interrogatory form, a failure to merge counts for sentencing, and ineffective assistance of appellate counsel for not arguing trial counsel's failure to raise the issue of merger of sentences. None of these claims suggests Petitioner is actually innocent of the underlying crimes for which he was convicted. Nothing in the Petition suggests his procedural default will result in a fundamental miscarriage of justice.

## VI. CONCLUSION

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this

decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

_____
**Dan Aaron Polster**
**United States District Judge**